### COYLE v. COYLE.

No. 5534.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

A. S. Drew, of Minden, for appellant.

Clifford E. Hays, of Minden, for appellee.

HAMITER, Judge.

Plaintiff instituted this suit for the purpose of recovering judgment on a past-due promissory note executed in his favor by his brother, S. P. D. Coyle. The instrument is for the sum of $400, dated July 25, 1931, payable January 2, 1932, and bears 8 per cent. interest from date until paid and the usual 10 per cent. additional as attorney's fees.

In his answer, defendant admits the execution and existence of the written obligation but pleads that the indebtedness was extinguished and settled by compensation. His pleadings in this respect are:

"Answering further, your defendant shows that the obligation herein sued on amounting to the sum of $400.00, was settled by compensation on March 18, 1933 in the following manner and for the following reasons, to-wit:

"That on the date above mentioned in suit styled William M. Burrow versus Robert M. Coyle et al., being #9005 on the docket of this Honorable Court, that the obligation sued on therein was an obligation of Robert M. Coyle which was indorsed by your defendant for accommodation, and that certain property of his was mortgaged to secure said obligation, and that, by Sheriff Sale on the date above mentioned, the said property belonging to your defendant was offered for public sale and sold for the sum of $425.00, and this sum of money was used and credited to the account of the plaintiff herein; and, therefore, at that time the plaintiff herein became indebted unto your defendant in the full sum of $425.00 with 8% from that date, i. e., March 18, 1933, until paid.

"Further shows that by virtue of the fact that at that time the obligation herein sued on of $400.00 was outstanding, that then and there by operation of law, the obligation herein sought to be enforced was compensated and extinguished according to the provisions of Article 2207, 2208 and 2209 of Civil Code."

A trial of the merits of the case resulted in a judgment in plaintiff's favor as prayed for. Defendant appealed.

The sole question presented by the record is whether or not plaintiff's claim has been extinguished by compensation.

The articles of the Louisiana Civil Code referred to in defendant's answer provide:

"2207. When two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts, in the manner and cases hereafter expressed."

"2208. Compensation takes place of course by the mere operation of law, even unknown to the debtors; the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums."

"2209. Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable."

"The days of grace are no obstacle to the compensation."

The record reveals that, during the latter part of the year 1930 and the first of 1931, the parties litigant were interested in the drilling of a well in Bienville parish, La., in search of oil and gas. Operations connected with this venture were conducted under the name of Jamestown Syndicate, but it does not appear whether the legal status of the organization was that of a corporation or copartnership. The professional services of a well-known and competent attorney were had in its formation, but no copy of articles of agreement or testimony of that attorney was furnished in the case to show its legal make-up. The investments of the funds and of much of the labor and materials necessary and used in the carrying on of the project were evidenced by stock certificates issued by the syndicate in favor of the respective investors.

During the course of the above-mentioned operations, one W. M. Burrows delivered to plaintiff, R. M. Coyle, the sum of $1,000 and received therefor an unsecured promissory note for that amount, bearing the signatures of both plaintiff and defendant and providing for the payment of interest. The money thus loaned found its way into the treasury of the drilling organization. Subsequently, and particularly on November 30, 1931, defendant, S. P. D. Coyle, individually executed and gave to said Burrows a promissory note for the principal sum of $1,000, due February 25, 1932, which was secured by a mortgage on several parcels of his land, with improvements thereon, located in Webster parish, La. This last-mentioned mortgage note having become long past due, and being unpaid, its owner and holder, Burrows, instituted foreclosure proceedings thereon via executiva, in the Twenty-Sixth judicial district court in and for Webster parish, La., and on the 18th day of March, 1933, the mortgaged property was adjudicated to the seizing creditor for the price and sum of $425.

The contention and testimony of defendant, S. P. D. Coyle, in this case, is as follows: The money given by Burrows to plaintiff constituted a personal loan made to the latter, and defendant's signature on the original note evidencing it was solely for the purpose of accommodation and convenience to his brother. He personally received none of the funds, but they, together with another $1,000 which was obtained from the Planters Bank of Haynesville, La., in a similar manner, were turned over to the Jamestown Syndicate in consideration of the issuance to plaintiff of 80 shares of its stock having a book value of $25 each. Previously, plaintiff had contributed $2,000 to the development program and had obtained 80 shares of stock therefor, and his last contribution made a total investment therein of $4,000. The entire amount invested by defendant in the syndicate was the sum of $3,000, and his certificates provided for 120 shares. The interest on the original Burrows note was paid by plaintiff for a number of months. On his failure to make further payments, the holder called upon defendant for collateral security which he gave in the form of the above-described note and real estate mortgage. The proceeds of the sheriff's sale of his mortgaged property, or the sum of $425 were credited to plaintiff's note held by Burrows, thus making plaintiff a debtor

to defendant in that amount, and resulting in the compensation of the note herein sued on to that extent.

Plaintiff's version of the matter is that the $2,000 was borrowed from Burrows and the Planters Bank of Haynesville for the joint benefit of him and defendant, and that the latter obtained one-half of it; that the entire amount went into the drilling of the well of the Jamestown Syndicate which was owned by them as partners in equal proportions. He denied emphatically that the loans just mentioned were obtained for his individual use and benefit.

A witness in plaintiff's behalf was the lender, W. M. Burrows. He had no definite knowledge about the operations of the Jamestown Syndicate. The loan was made by him solely to plaintiff, R. M. Coyle. He knew nothing regarding the employment of the funds. In seeking the loan plaintiff offered as security any property that he had or the signature of any one of his brothers. Burrows selected defendant to be the indorser. On the delinquency of the note, additional collateral was required of the indorser, and the note and mortgage foreclosed on were then given. The obtaining of this collateral and the procuring of the indorsement on the original note constituted the sole transactions had by Burrows with defendant in connection with the loan. Plaintiff offered to settle the obligation by conveying some of his property to Burrows, but the creditor refused this. An offer of this kind was not made by defendant.

By reason of the afore-discussed pertinent testimony and in view of the entries in the stock book of the Jamestown Syndicate found in the record, we are satisfied that the Burrows loan, which ultimately caused the loss of defendant's property, was the personal and individual indebtedness of plaintiff, and that defendant's connection therewith was merely as a gratuity or accommodation to his brother. The proof convinces us that the parties litigant were not to share equally in the success of the undertaking, but that they, as well as all other persons furnishing funds and services and materials in consideration of interests in the well, were to profit therefrom in proportion to the number of shares of stock held and owned by each; that plaintiff employed the $1,000 obtained from Burrows in purchasing and acquiring for himself 40 shares of stock of the syndicate at the book value of $25 each.

As defendant's property was sold at sheriff's sale for the sum of $425, all because of his having been an accommodation indorser on plaintiff's promissory note, certainly he was a creditor of plaintiff at the time of that sale at least in the amount for which the property was adjudicated.

■ This brings us to a consideration of the law applicable to the found facts. If the debts just described, the objective of each of which was a sum of money, were equally liquidated and demandable, they were extinguished by operation of law, to the amount of their respective sums, when they existed simultaneously. Articles of Revised Civil Code, supra. A debt is liquidated when it is certain what is due and how much is due. Bouvier's Law Dictionary; 5 Words and Phrases, First Series, p. 4174. When defendant's property was sold on March 18, 1933, and the proceeds applied to the credit of plaintiff's note, both debts herein discussed were due, and the amount of each was certain. They were, therefore, equally liquidated, and certainly both were demandable. And having existed simultaneously they were extinguished to the amount of defendant's claim, or the lesser one.

Accordingly, the decree of the trial court is amended and there is now judgment in favor of plaintiff and against defendant in the sum of $400, together with 8 per cent. per annum interest thereon from July 25, 1931, until paid, less a credit on March 18, 1933, of $425, plus attorney's fees of 10 per cent. of the balance remaining after the deduction of said credit from the principal and interest, and for all costs of the trial court; and, as amended, the judgment is affirmed. Costs of the appeal shall be paid by appellee.

DREW, J., recused.